IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MICHAUD, | : | |
|     Plaintiff | : | No. 1:22-cv-00943 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| FRANKLIN COUNTY JAIL, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Pro se Plaintiff John Michaud ("Plaintiff"), who is a pretrial detainee currently incarcerated at Franklin County Jail in Chambersburg, Pennsylvania, has commenced the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983, claiming that the conditions of his confinement are unconstitutional. In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court will, however, grant Plaintiff leave to file an amended complaint.

**I.  BACKGROUND**

On June 14, 2022, Plaintiff filed his complaint against Franklin County Jail and the following four (4) individuals, all of whom work at the jail: Warden William Bechtold ("Bechtold"); Deputy Warden Weller ("Weller"); Deputy Warden Franzoni ("Franzoni"); and Captain Sauble ("Sauble"). (Doc. No. 1.) On that same date, Plaintiff also filed a motion for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement. (Doc.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

Nos. 2, 3.)  The Court, having reviewed Plaintiff's motion and account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint,[2] Plaintiff alleges that, since his arrival to the Franklin County Jail on March 22, 2022, he has been experiencing conditions of confinement issues.  (Doc. No. 1 at 4.)  Specifically, he alleges that the facility is "being locked down on a [sic] every other day basis" and that the inmates "are on 1 hour in 1 hour out[.]"  (Id.)  In addition, he alleges that, while some inmates are permitted to attend "church[,]" "bible study[,]" and "things of this nature[,]" other inmates from the same block are not allowed to "have rec together."  (Id. alleging that "one group is getting more rec than the other").)  He claims that this is "really starting to interfere with people talking to their familie [sic] and loved ones."  (Id. (alleging that it is "like [they] are being punished for stuff [they] aren't even doing").)  In connection with all of these allegations, Plaintiff "feel[s] that [his] civil and constitional [sic] rights are being violated."  (Id. at 5.)  And, as a result of these alleged violations, his "depression/anxiety" have gotten worse, but "all they do is throw [him] in a cell in a smock with no help."  (Id.)  As for relief, Plaintiff seeks both "corrective measures" and "monetary relief."  (Id.)

Attached to the complaint are three (3) inmate request slips and one inmate grievance form, all of which Plaintiff seemingly filed at the beginning of May 2022 while incarcerated at the Franklin County Jail.  (Id. at 7-10.)  The allegations that are contained in those various documents are similar to the allegations that are contained in the complaint.

---

[2]  In accordance with the legal standard set forth below, the Court accepts the allegations in the complaint as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff.  See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017).  In addition, the Court heeds the long-standing principle that pro se documents are "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Thus, Plaintiff's pro se complaint, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers[.]"  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**II.     LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra, 876 F.3d at 434 (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle, 429 U.S. at 106. A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.   DISCUSSION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983, claiming that the conditions of his confinement at the Franklin County Jail are unconstitutional. (Doc. No. 1.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

### A.   Franklin County Jail is not a "Person" for Purposes of Section 1983

Consistent with the standards set forth above, in order for Plaintiff to state a claim under Section 1983, he must allege "a deprivation of a federally protected right and that this deprivation was committed by [a person] acting under color of state law." See Woloszyn v. Cnty. of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005) (citation and internal quotation marks omitted). A county jail, such as Franklin County Jail, is not considered a "person" for purposes of 42 U.S.C. § 1983 and, therefore, is not amenable to suit under this statute. See 42 U.S.C. § 1983; Edwards v. Northampton Cnty., 663 F. App'x 132, 136 (3d Cir. 2016) (unpublished) (finding that a county prison is not a "person" subject to suit under Section 1983 (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973))); Beaver v. Union Cnty. Pennsylvania, 619 F. App'x

80, 83 (3d Cir. 2015) (unpublished) (same); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (unpublished) (same).[3] Thus, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Franklin County Jail.

### B. Failure to Allege Personal Involvement of the Individual Defendants

In order for liability to attach under 42 U.S.C. § 1983, Plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)). Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

In the instant matter, there is a complete absence of allegations in the complaint that would give rise to a plausible inference that any of the individual Defendants (i.e., Defendants Bechtold, Weller, Franzoni, and Sauble) were personally involved in any asserted deprivation of

---

[3] While these opinions are non-precedential, the Court is persuaded by the conclusion that county jails do not constitute "persons" for purposes of 42 U.S.C. § 1983.

Plaintiff's federally protected rights. While the individual Defendants have been named in the caption of the complaint (Doc. No. 1 at 1) and have also been listed as Defendants in the "ADDRESSES AND INFORMATION" section of the complaint (id. at 2-3), they have not been mentioned anywhere else in the body of the complaint. Without such allegations of personal involvement, however, liability cannot be imposed against the individual Defendants under Section 1983. Thus, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against the individual Defendants.

      **C.**      **Failure to Satisfy Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson, 551 U.S. at 93. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] "has to show such an entitlement with its facts." See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citation and internal quotation marks omitted).

Here, Plaintiff's complaint does not identify what federal constitutional rights the individual Defendants are alleged to have violated. In addition, and as already discussed above, Plaintiff's complaint does not show how the individual Defendants were personally involved in such constitutional violations. As a result, the Court has been left—and Defendants, if served, would also be left—to speculate as to what alleged conduct on their part gives rise to any asserted constitutional violations. Accordingly, because Plaintiff's complaint does not provide fair notice of his claims or the grounds upon which those claims rest, the Court finds that Plaintiff's complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. See Garrett

v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) ("Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citations and internal quotation marks omitted)); Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").

### D. Leave to Amend

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint

in order to attempt to cure the deficiencies identified above. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

With respect to Defendant Franklin County Jail, however, the Court finds that granting Plaintiff any further leave to amend his claims against this Defendant would be futile, as Franklin County Jail does not constitute a "person" for purposes of 42 U.S.C. § 1983 and is not, therefore, subject to suit under this statute. Accordingly, Plaintiff's claims against Defendant Franklin County Jail will be dismissed from this action with prejudice.

## IV.    CONCLUSION

To conclude, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Court will also grant Plaintiff leave to file an amended complaint. An appropriate Order follows.