IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MICHAUD, | : | |
|     Plaintiff | : | No. 1:22-cv-00943 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| FRANKLIN COUNTY JAIL, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Pro se Plaintiff John Michaud ("Plaintiff"), who is a state prisoner currently incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania, commenced the above-captioned action on June 14, 2022, by filing an original complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), claiming that the conditions of his confinement are unconstitutional. Pursuant to the Prison Litigation Reform Act of 1995,[1] the Court previously reviewed his original complaint and found that it failed to state a claim upon which relief may be granted. The Court thus dismissed the original complaint, but without prejudice to Plaintiff filing an amended complaint. Now before the Court is Plaintiff's amended complaint. For the reasons set forth below, the Court finds that the amended complaint, which has been filed pursuant to Section 1983, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., also fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss the amended complaint, but without prejudice to Plaintiff being granted a final opportunity to amend his pleadings.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA").

I.   BACKGROUND

   A.   **The Original Complaint**

On June 14, 2022, Plaintiff filed his original complaint against the Franklin County Jail and the following four (4) individuals, all of whom work at the jail: Warden William Bechtold ("Bechtold"); Deputy Warden Weller ("Weller"); Deputy Warden Franzoni ("Franzoni"); and Captain Sauble ("Sauble"). (Doc. No. 1.) On that same date, Plaintiff also filed a motion for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement. (Doc. Nos. 2, 3.) The Court granted Plaintiff leave to proceed in forma pauperis and deemed his complaint filed. (Doc. Nos. 7, 8.)

In his complaint, Plaintiff alleged that, since his arrival to the Franklin County Jail on March 22, 2022, he has been experiencing conditions of confinement issues. (Doc. No. 1 at 4.) Specifically, he alleged that the facility is "being locked down on a [sic] every other day basis" and that the inmates "are on 1 hour in 1 hour out[.]" (Id.) In addition, he alleged that, while some inmates are permitted to attend "church[,]" "bible study[,]" and "things of this nature[,]" other inmates from the same block are not allowed to "have rec together." (Id. (alleging that "one group is getting more rec than the other").) He claimed that this was "really starting to interfere with people talking to their familie [sic] and loved ones." (Id. (alleging that it is "like [they] are being punished for stuff [they] aren't even doing").) In connection with all of these allegations, Plaintiff "fe[lt] that [his] civil and constitional [sic] rights [were] being violated." (Id. at 5.) And, as a result of these alleged violations, he claimed that his "depression/anxiety"

has gotten worse, but that "all they do is throw [him] in a cell in a smock with no help." (Id.)  As for relief, Plaintiff sought both "corrective measures" and "monetary relief." (Id.)[2]

Pursuant to the PLRA, the Court reviewed Plaintiff's original complaint and found that it failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). (Doc. Nos. 7, 8.)  In particular, the Court found that: Defendant Franklin County Jail is not a "person" for purposes of Section 1983 (Doc. No. 7 at 4-5); that Plaintiff had failed to allege the personal involvement of the individual defendants, as required for liability to attach under Section 1983 (id. at 5-6); and that the complaint failed to satisfy Rule 8 of the Federal Rules of Civil Procedure, as it did not provide fair notice of Plaintiff's claims or the grounds upon which those claims rest (id. at 6-7).  Thus, the Court dismissed the original complaint, but without prejudice to Plaintiff filing an amended complaint within thirty (30) days.

    **B.**    **The Amended Complaint**[3]

On August 3, 2022, Plaintiff filed an amended complaint. (Doc. No. 9.)  He names as Defendants Bechtold, Weller, and Sauble (three (3) of the individuals he also named as Defendants in the original complaint), and he once again claims that, since his arrival at the Franklin County Jail on March 22, 2022, he has been experiencing conditions of confinement

---

[2]  Attached to the original complaint are three (3) inmate request slips and one inmate grievance form, all of which Plaintiff seemingly filed at the beginning of May 2022 while incarcerated at the Franklin County Jail. (Doc. No. 1 at 7-10.)  The allegations that are contained in those various documents are similar to the allegations that are contained in the original complaint.

[3]  In accordance with the legal standard set forth below, the Court accepts the allegations in the amended complaint as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff.  See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017).  In addition, the Court heeds the long-standing principle that pro se documents are "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Thus, Plaintiff's pro se amended complaint, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers[.]"  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

issues. (Id.) In support, he alleges that "[t]he lockdowns that are occurring in the Franklin County jail are excessive." (Id. at 4.) He claims that those "lockdowns are breaking our Eighth Amendment right[s] falling under cruel and unusual punishments."[4] (Id. at 5.) In addition, he alleges that "[t]hey also are denying us Talim which is a religious class that any other [j]ail holds." (Id. at 4.) He claims that "the denying of our services for the [M]uslims is breaking our First Amendment right[s] under RLUIPA Section 2000cc-5 [and] 2000cc-2." (Id. at 5.) As a result of these alleged violations, he contends that his mental health—and, specifically, his depression and anxiety—have gotten worse. (Id.) He seeks "corrective measures and monetary relief." (Id.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the

---

[4] Notably, the amended complaints contains no allegations concerning the nature or duration of these lockdowns. Rather, it only contains generalized allegations that there are lockdowns at Franklin County Jail and that these lockdowns are "excessive." (Doc. No. 9 at 4, 5.)

4

plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra, 876 F.3d at 434 (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle, 429 U.S. at 106. A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

### III. DISCUSSION

As stated above, Plaintiff has filed his amended complaint pursuant to Section 1983 and RLUIPA. (Doc. No. 9.) With respect to Plaintiff's Section 1983 claims, the Court finds that his amended complaint suffers from the same deficiencies as his original complaint. The Court will first address these Section 1983 claims and will then turn to his remaining RLUIPA claim.

#### A. Section 1983

Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School

Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

### 1. Personal Involvement in a Section 1983 Action

In order for liability to attach under Section 1983, a plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). And "[a] plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." See Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)). Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Here, in reviewing Plaintiff's Section 1983 claims in his original complaint, the Court stated as follows:

> In the instant matter, there is a complete absence of allegations in the complaint that would give rise to a plausible inference that any of the individual Defendants (i.e., Defendants Bechtold, Weller, Franzoni, and Sauble) were personally involved in any asserted deprivation of Plaintiff's federally protected rights. While the individual Defendants have been named in the caption of the complaint (Doc. No. 1 at 1) and have also been listed as Defendants in the

6

> "ADDRESSES AND INFORMATION" section of the complaint (id. at 2-3), they have not been mentioned anywhere else in the body of the complaint. Without such allegations of personal involvement, however, liability cannot be imposed against the individual Defendants under Section 1983. Thus, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted against the individual Defendants.

(Doc. No. 7 at 5-6.) Thus, the Court granted Plaintiff leave to file amended complaint in order to attempt to cure these deficiencies. (Id. at 7-8.)

However, Plaintiff's amended complaint suffers from the same deficiencies as his original complaint. Specifically, there are no allegations in the amended complaint that would give rise to a reasonable inference that Defendants Bechtold, Weller, or Suable were personally involved in the asserted deprivations of Plaintiff's constitutional rights under the First and Eighth Amendments. Although Plaintiff names these individuals in the caption of his amended complaint (Doc. No. 9 at 1) and has listed them as "DEFENDANT(S)" (id. at 2-3), he has not mentioned them anywhere else in the body of his amended complaint, much less asserted any facts to show that each of them deprived him of his constitutionally protected rights. Thus, the Court is constrained to find, once again, that without such allegations of personal involvement on the part of these individual Defendants, liability cannot be imposed against them under Section 1983.

    **2. Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson, 551 U.S. at 93. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such an entitlement with

its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citation and internal quotation marks omitted).

Here, because Plaintiff's amended complaint does not show how the individual Defendants were personally involved in the asserted constitutional violations, the Court has been left—and Defendants, if served, would also be left—to speculate as to what alleged conduct on their part gives rise to any asserted constitutional violations. Accordingly, because Plaintiff's amended complaint does not provide fair notice of his Section 1983 claims or the grounds upon which those claims rest, the Court also finds that Plaintiff's amended complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (concluding that "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citations and internal quotation marks omitted)); Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").

    **B.**    **RLUIPA**

Plaintiff's amended complaint also asserts a violation of RLUIPA. (Doc. No. 9.) Section 3 of RLUIPA extends broad protection to the religious exercise of institutionalized persons, and it provides, in pertinent part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person" furthers "a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest."

See 42 U.S.C. § 2000cc-1(a); Holt v. Hobbs, 574 U.S. 352, 358 (2015) (explaining that RLUIPA offers "expansive protection for religious liberty").

Under RLUIPA, the term "[r]eligious exercise" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." See id. at § 2000cc–5(7)(A). Even though the term "substantial burden" is not defined by RLUIPA, see 42 U.S.C. § 2000cc-5 (containing the definitions section of the statute), the United States Court of Appeals for the Third Circuit has found that a "substantial burden" exists where: (1) "a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit;" or (2) "the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." See Washington v. Klem, 497 F.3d 272, 280 (3d Cir. 2007) ("Klem"); Mack v. Warden Loretto FCI, 839 F.3d 286, 304 n.103 (3d Cir. 2016) (recognizing Klem's definition of "substantial burden" in the RLUIPA context).

In addition, under RLUIPA, a plaintiff has the initial burden of showing that the government's policy or practice implicates his or her religious exercise, which is grounded in a sincerely held religious belief, and that the government's policy or practice substantially burdens that religious exercise. See Holt v. Hobbs, 574 U.S. 352, 360-61 (2015); Ramirez v. Collier, 142 S. Ct. 1264, 1277 (2022) (reiterating the same). Once a plaintiff makes this showing, the burden shifts to the government to show that the imposition of the burden on that plaintiff is the least restrictive means of furthering a compelling governmental interest. See id.

Here, in support of his RLUIPA claim, Plaintiff asserts the following allegations in his amended complaint: that Talim, "a religious class[,]" is being denied at the Franklin County Jail,

9

but being offered by "any other [j]ail" (Doc. No. 9 at 4); that "[a]ll other services are open for all other religions, but not the [M]uslims" (id.); and that this denial of "our services for the [M]uslims is breaking our . . . right under RLUIPA" (id. at 5).

Taking these allegations in Plaintiff's amended complaint as true, and in construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has not plausibly stated a violation of RLUIPA. In particular, Plaintiff has not alleged, or at least alleged with clarity, that his request for Talim is sincerely based on his own religious belief. But, even assuming that he had, the Court still finds that he has not plausibly alleged that Defendants substantially burdened his religious exercise—i.e., that they either: (a) forced him "to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit[;]" or (b) placed "substantial pressure" on him to "modify his behavior and to violate his beliefs." See Klem, 497 F.3d at 280. Thus, because Plaintiff has neither alleged a religious exercise that is sincerely based upon a religious belief, nor alleged a substantial burden of that exercise, the Court concludes that Plaintiff's RLUIPA claim is subject to dismissal.

C. **Leave to Amend**

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his amended complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this liberal pleading standard, the Court will grant Plaintiff a final opportunity to amend his pleadings in order to attempt to cure the deficiencies identified above. Plaintiff is advised that if he elects to pursue this final opportunity, his second amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint, amended complaint, or any other document already filed. In addition, the second amended complaint shall set forth his claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

To conclude, the Court will dismiss Plaintiff's amended complaint (Doc. No. 9) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Court will also grant Plaintiff a final opportunity to amend his pleadings by filing a second amended complaint. An appropriate Order follows.